UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
LUCIANO RAMOS DURAN,

                      Plaintiff,

          -against-


CENTRAL TRANSPORT, LLC
FEVRIUS JEFFERSON, AND
YINI SANCHEZ ROCA,

                    Defendants.
-----------------------------------------------------------X

**REPORT AND
RECOMMENDATION**
23-CV-09115 (NCM)
(PCG)

**CROSS-GOLDENBERG, U.S. Magistrate Judge:**

On or about September 26, 2023, Yini Sanchez Roca ("Roca"), Epifano Reyes Delgado ("Delgado"), and Luciano Ramos Duran ("Duran") filed a complaint in New York Supreme Court against defendants Central Transport, LLC ("Central Transport") and Fevrius Jefferson ("Jefferson"), alleging personal injuries arising from a motor vehicle accident in the Bronx, New York. (See State Complaint, Dkt. No. 1-1).  On December 12, 2023, defendants Central Transport and Jefferson filed a Notice of Removal in this Court, removing the action from state court based on diversity jurisdiction.  (See Notice of Removal, Dkt. No. 1).  The case was assigned to U.S. District Judge Natasha C. Merle and U.S. Magistrate Judge Cheryl L. Pollak and reassigned to the undersigned on January 14, 2026.  For the reasons stated below, the Court respectfully recommends *sua sponte* that this case be remanded to New York State Court.

   1. **Relevant Background and Procedural History**

The basis of the instant action is a motor vehicle accident that occurred in April 2023 in the Bronx, New York, in which Jefferson's vehicle, a box truck owned by Central Transport, came into contact with Roca's vehicle, in which Delgado and Duran were passengers.  (See State

1

Complaint, Dkt. No. 1-1).  As previously mentioned, on December 12, 2023, defendants Central Transport and Jefferson removed the state court case to this Court based on diversity jurisdiction.  (See Notice of Removal, Dkt. No. 1).  The three plaintiffs Roca, Delgado, and Duran were residents and citizens of New York at the time of the removal and still are residents and citizens of New York.  (Id., ¶ 5).  Defendant Central Transport and its members were, and still are, citizens of Michigan, and defendant Jefferson was, and still is, a resident and citizen of Florida.  (Id., ¶¶ 6–12).  The Notice of Removal alleged that the amount in controversy exceeded $75,000 because each plaintiff claimed damages of $1 million.  (Id. at 15–16).

Following an initial conference held before Magistrate Judge Pollak, on June 6, 2024, the parties stipulated that plaintiffs would file an Amended Summons and Complaint.  (See Stipulation, Dkt. No. 10).  On June 20, 2024, plaintiff Duran filed his Amended Complaint ("Am. Compl.").  The Amended Complaint dropped co-plaintiff Delgado from the case caption and joined as a defendant former co-plaintiff Roca, who was the driver of the vehicle in which Duran was a passenger.  (Compare State Complaint, Dkt. No. 1-1 with Am. Compl., ¶ 6).  On July 31, 2024, now-defendant Roca filed an Answer to the Amended Complaint and a cross-complaint against co-defendants Central Transport and Jefferson.  (Roca's Answer to Am. Compl., Dkt. No. 16).

On August 8, 2025, Judge Pollak raised the issue of subject matter jurisdiction, since the Amended Complaint eliminated the two co-plaintiffs and joined Roca as a defendant in the action.  (See Dkt. Entry dated Aug. 8, 2025).  The parties were directed to file letters with the Court addressing, inter alia, whether the Court still has subject matter jurisdiction over the case.  (Id.).  Plaintiff Duran and defendants Central Transport and Jefferson filed letters maintaining that diversity jurisdiction remains, despite Roca having been joined as a defendant.  (See Dkt.

Nos., 31 & 32). Defendant Roca, despite being represented by counsel and having appeared through counsel since the filing of the Amended Complaint, did not file a letter. (See, e.g., Minute Entry for Status Conference held on May 7, 2025, Dkt. Entry dated May 8, 2025).

On October 24, 2025, Judge Pollak held a status conference addressing the issue of diversity of citizenship. Plaintiff Duran and defendants Central Transport and Jefferson appeared, but defendant Roca did not. (See Dkt. Entry dated October 24, 2025). Judge Pollak directed the parties to file a letter to Judge Merle stipulating to remand to state court for lack of diversity of citizenship. (Id.). On October 27, 2025, plaintiff Duran and defendants Central Transport and Jefferson filed a joint stipulation to remand the case to state court. (See Stipulation, Dkt. No. 35). Defendant Roca did not sign the stipulation and has not participated in the case since her counsel's appearance in a status conference before Judge Pollak on May 8, 2025 and the filing of a notice of appearance by counsel Jonathan D. Silverstein on August 6, 2025. (Minute Entry for Status Conference held on May 7, 2025, Dkt. Entry dated May 8, 2025). Because Roca's status as a defendant defeats diversity of citizenship, the Court respectfully recommends that the case be remanded to state court.

## 2. Discussion

Federal courts have subject matter jurisdiction based on diversity jurisdiction where the matter in controversy exceeds $75,000 and there is complete diversity of citizenship between the plaintiffs and the defendants. 28 U.S.C. § 1332(a)(1). See Tagger v. Strauss Grp. Ltd., 951 F.3d 124, 126 (2d Cir. 2020). However, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c), see Darcangelo v. Verizon Commc'ns, Inc., 292 F.3d 181, 196 (4th Cir.2002) ("[W]hen an action has been removed from state court and the district court subsequently loses its basis for

original jurisdiction, in most instances the action must be remanded to the state court").  Lack of subject matter jurisdiction for a case removed from state court cannot be waived by either party, and courts may consider remand on motion or *sua sponte*.  Stewart v. Atwood, 834 F. Supp. 2d 171, 177 (W.D.N.Y. 2012).

Here, defendants removed the case to federal court based on diversity jurisdiction.  (See Notice of Removal, Dkt. No. 1).  Each plaintiff demanded $1 million, which met the $75,000 amount-in-controversy requirement.  Additionally, the citizenship of each plaintiff was diverse from the citizenship of each defendant, because original plaintiffs Roca, Delgado, and Duran were citizens of New York, and defendants Central Transport and Jefferson were citizens of Michigan and Florida, respectively. (See Notice of Removal, Dkt. No. 1, ¶¶ 5-12).  However, plaintiff's Amended Complaint eliminated co-plaintiff Roca and instead joined Roca as a defendant.[1]  Both Roca and plaintiff Duran are citizens of New York.  (See Am. Complaint). This defeats diversity of citizenship, strips the Court of subject matter jurisdiction, and thus requires remand to state court.

### 3.  Conclusion

For the reasons stated above, the Court respectfully recommends *sua sponte* that the District Court SO ORDER the parties' proposed joint stipulation and proposed order to remand (Dkt. No. 35) and that this case be remanded to state court.

---

[1] The Court notes that Roca's joinder as a defendant was neither improper nor fraudulent, which none of the parties dispute.  Roca was properly joined because the claims against her stem from the car accident, i.e., the same transaction or occurrence, that is the basis of this action, and the questions of law and fact in the case are common to Roca and the other parties. See Fed. R. Civ. P. 20(a)(2).  Roca was not fraudulently joined, i.e., for the sole purpose of defeating diversity jurisdiction, because, as stated *supra*, she has a real connection with the controversy.  See Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 460–61 (2d Cir. 1998) (fraudulent joinder occurs when a plaintiff tries to "defeat a federal court's diversity jurisdiction and a defendant's right to removal by merely joining as defendants parties with no real connection with the controversy").

Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED.**

Dated: April 24, 2026
Brooklyn, New York

/s/ *Peggy Cross-Goldenberg*

PEGGY CROSS-GOLDENBERG
United States Magistrate Judge
Eastern District of New York

5